IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRELL L. LEATH,
   Plaintiff,

vs.              Case No. 3:08cv74/LAC/EMT

CLERK OF CIRCUIT COURT
DUVAL COUNTY,
   Defendant.

## ORDER, REPORT AND RECOMMENDATION

  Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action on February 3, 2008 by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2).

  Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim. Pursuant to Plaintiff's own admissions on the complaint form, he has filed at least four (4) cases in state and federal court since 2005 (*see* Doc. 1 at 3–5). On the complaint form, Plaintiff has listed one federal case, Leath v. State, Case No. 3:07cv191/MCR/EMT, and other cases that appear to be state cases. A review of Leath v. State, Case No. 3:07cv191 reveals that it was dismissed prior to service as frivolous or malicious on October 1, 2007 (*see* Case No. 3:07cv191 Doc. 12)). Upon further review of the file, the court takes judicial notice that as of the date Plaintiff filed the instant complaint, February 3, 2008, he had also previously filed Leath v. Cobb, Case No. 3:06cv406/RV/EMT and Leath v. State, Case No. 3:07cv75/MCR/EMT in this District.[1] Further

---

[1] The inmate number of the plaintiff in Case No. 3:06cv406 and Case No. 3:07cv75 (#J19153) is the same as Plaintiff's.

review reveals that the cases were dismissed, prior to service, for failure to state a claim and as malicious, respectively (*see* 3:06cv406 (dismissed December 1, 2006 (Doc. 9) and 3:07cv75 (dismissed May 29, 2007 (Doc. 8)).

Plaintiff is therefore no longer entitled to proceed in forma pauperis, and he must pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915.

In this case, Plaintiff, an inmate housed at the Lake Correctional Institution, alleges he was wrongfully convicted of attempted sexual assault because the nine (9) year old victim "lied" and no evidence was presented to prove that a crime had taken place (Doc. 1 at 5–6). Plaintiff also states that he was wrongfully convicted because he is "mentally handicapped and did not know anything about the law" (*id*. at 6). Plaintiff also states, "I want to file charges against Mrs. Rhon[d]a Wells for refusing to spank Marcus [and] I also want to file charges against Marcus for slandering my name" (*id.* at 6). Plaintiff further alleges, "I want to state Judge Davis false[ly] imprisoned me [and] I want to file charges and get my sentence dropped" (*id*.). Finally, Plaintiff alleges, "[T]hey put my life in danger because they labeled me a sex offender [and] by putting my life in danger I would like to live somewhere else besides [D]uval County" upon release (*see id.* at 7). As relief Plaintiff seeks compensation for the time he has spent in prison and dismissal of the charges (*id.*). Thus, the sum and substance of Plaintiff's complaint concerns an allegedly wrongful conviction, incarceration, and labeling of him as a sex offender.

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury.[2] Plaintiff does not allege that he incurred any serious injury from the incident he relates. Additionally, Plaintiff does not specifically show how this incident evidences a present threat of serious physical injury to him. Thus, even if Plaintiff were exposed to a serious threat of injury in the past, which is not specifically alleged in the instant complaint, this is insufficient to meet the imminent danger

---

[2]The court notes that Plaintiff alleges that his life would be in danger **upon his release** from prison because he would be labeled a sex offender due to the nature of his conviction. As discussed *supra* Plaintiff cannot proceed in forma pauperis since the allegations in the instant complaint do not suggest he is **presently** under imminent threat of serious injury.

exception to the statute.  *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff therefore cannot proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 12th day of March 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**